﻿Citation Nr: AXXXXXXXX
Decision Date: 09/29/20 Archive Date: 09/29/20

DOCKET NO. 190905-29854
DATE: September 29, 2020

ORDER

An effective date prior to November 9, 2018, for the grant of service connection of posttraumatic stress disorder (PTSD) is denied.

FINDING OF FACT

There was no pending intent to file in the claims file prior to the formal claim that was received on November 9, 2018.

CONCLUSION OF LAW

The criteria for an effective date, prior to November 9, 2018, for the award of service connection for PTSD are not met. 38 U.S.C. § 5110; 38 C.F.R. §§ 3.155, 3.156, 3.400.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active duty service from April 1968 to February 1972.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

This case is before the Board of Veterans’ Appeals (Board) on appeal from a July 2019 AMA rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO).

On September 5, 2019, the RO received the Veteran’s timely appeal of the rating decision wherein he selected the evidence submission lane. See VA Form 10182. Therefore, in deciding the current appeal the Board will consider the evidence before the RO at the time of the July 2019 rating decision as well as any evidence submitted within 90 days of the September 2019 appeal.

An award of direct service connection will be effective on the day following separation from active military service or the date on which entitlement arose if the claim is received within one year of separation from service. Otherwise, except as specifically provided, the effective date of an evaluation and award for pension, compensation, or dependency and indemnity compensation based on an original claim, a claim reopened after a final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is the later. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400. 

Effective March 24, 2015, a change in regulation requires claims be filed on standard forms, eliminating constructive receipt of claims and informal claims. See 38 C.F.R. §§ 3.1(p), 3.150, 3.155, 3.160(a). Instead of informal claims, the new regulation provides that a claimant may request an application for benefits, upon receipt of which, the Secretary shall notify the claimant of the information necessary to complete the application form or form prescribed by the Secretary. 38 C.F.R. § 3.155(a).

The regulation also allows a claimant to submit an intent to file a claim, and VA may recognize the receipt date of the intent to file a claim as the date of claim so long as VA receives the successfully completed claim form within a year. 38 C.F.R. § 3.155(b). There are three ways in which a claimant may submit an intent to file a claim: (i) saved electronic application when an application otherwise meeting the requirements of paragraph (b) is electronically initiated and saved in a claims submission tool with a VA web-based electronic claims application system, (ii) written intent, signed and dated on the intent to file a claim form prescribed by the Secretary, and (iii) oral intent communicated to designated VA personnel, recorded in writing, and documented in the claimant’s records. Id. 

The Veteran contends that his grant of service connection for PTSD should be effective in September 2018 when he submitted an intent to file. 

The Veteran’s former representative submitted a statement that he faxed the intent to file on November 9, 2018 and received a fax confirmation; however, the record does not contain any evidence that VA received such a fax. The Veteran submitted a copy of an intent to file form that is dated September 17, 2018 and a transmission log that shows that an intent to file was faxed; however, the transmission log does not show the number that received the fax. Therefore, the evidence does not show that an intent to file was faxed to VA on September 17, 2018. The Board notes that although the record contains numerous other faxes from the Veteran’s former representative, record does not show that VA received an intent to file.

After review of the complete record, the Board finds that no intent to file was received in September 2018 and there is otherwise no basis provided or found by the Board to assign an earlier effective date. Therefore, as a matter of law, the claim for an earlier effective date must be denied.

 

JOHN Z. JONES

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Hemphill

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.